

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

July 10, 1948

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Attn.: Hon. T. M. Trimble,
First Assistant

Opinion No. V-631

Re: The statutory salary
of an elementary
school principal
whose school is in
a building separate
from the high school
building and has
less than nine teach-
ers.

Dear Sir:

We refer to your letter of recent date where-
in you request our opinion on the above captioned mat-
ter. We quote from your letter as follows:

"Article III, Section 2, paragraph
6 of H. B. 295, an Act of the 50th Leg-
islature, reads as follows:

"'Elementary and junior high school
principals in a school district having a
four-year high school may receive an addi-
tional allowance of Two Dollars and Fifty
Cents ($2.50) per month for each elemen-
tary teacher under his supervision, if the
school in which he is teaching is located
in a building apart from the high school
building or if he devotes fifty per cent
(50%) or more of his time to supervision
and the school employs nine (9) or more
teachers, but in no event shall he receive
more than twenty-five Dollars ($25.00) per
month additional.'

"Following the line of thought in the
first part of the sentence quoted above,
$2.50 can be allowed for each teacher under
the supervision of the principal of an ele-
mentary school which is located in a build-
ing apart from the high school even though

the school does not have nine teachers, as
is required in the second part of the sen-
tence, and the principal is not required to
devote 50% of his time to supervision."

QUESTION:    "Is the Equalization Divi-
sion of the State Department of Education
allowed to grant an increment in salary for
a principal of an elementary school at the
rate of $2.50 per teacher under his super-
vision, if his school is located in a build-
ing separate and apart from the high school,
and the school has less than nine teachers."

We are informed further that the district in
question has a four-year high school, that the elemen-
tary school is accredited and that the district has a
superintendent.  Therefore, paragraphs 2 and 3 of Arti-
cle III, Section 2, H. B. 295 have no application.

We think that paragraph 6, above quoted, is
clear and unambiguous.  It provides that an elementary
school principal, as well as a junior high school prin-
cipal, in districts having a four-year high school may
receive an increment of $2.50 per month for each ele-
mentary teacher under his supervision under either one
of the following conditions:  (1) "if the school in which
he is teaching is located in a building apart from the
high school building: or (2) "if he devotes 50% or more
of his time to supervision and the school employs nine or
more teachers."  The maximum increment such a principal
may receive thereunder is fixed at $25.00 per month.

The word "or" as used in said paragraph and
emphasized hereinabove is used in the disjunctive sense.
When the term "or" is used, it is presumed to be used in
the disjunctive sense unless the legislative intent is
clearly contrary.  Sutherland Stat.Const.,3d Ed. Vol. 2,
Sec. 4923.  We find no provision in this law which re-
quires or compels the construction that "or" should be
used in the conjunctive sense.  Therefore, the clause
"and the school employs 9 or more teachers" may not be
and was not intended to be considered as an additional
condition to be read in conjunction with "if the school
in which he is teaching is located in a building apart
from the high school building."

The Legislature, we believe, clearly expressed
in said paragraph 6 an intent that an elementary school

principal in such a district teaching in a school located apart from the high school building (thus removed from the immediate assistance and advice of the superior school authority, the school superintendent, and left to administer his school in a large capacity) should be paid the increment as provided, even though the school employs less than nine teachers.

### SUMMARY

The Equalization Division of the Department of Education is allowed to grant an increment in salary for a principal of an elementary school at the rate of $2.50 per teacher under his supervision if his school is located in a building separate and apart from the high school even though said school employs less than nine teachers. Acts 50th Leg., 1947, H.B. 295, Art. III, Sec. 2, paragraph 6.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL